■ INDEMNITY INSURANCE COMPANY OF NORTH AMERICA et

al., Respondents-Appellants, and CITY OF NEW YORK, Respondent, v MILLER SIGNS ASSOCIATES et al., Appellants-Respondents.—Order, Supreme Court, New York County (Edward H. Lehner, J.), first entered on October 31, 1990, which, *inter alia,* granted all plaintiffs' motions for partial summary judgment to the extent of determining that defendants were not entitled to advertising revenues collected after March 26, 1987, and which declined to make a finding in respect to unpaid advertising fees for the period prior to March 26, 1987, unanimously affirmed, without costs.

Order of the same court and Justice, entered May 2, 1991, which, *inter alia,* denied defendants' motion for reargument, granted the motion of the sureties and Shelter Media for renewal and reargument, and declared that Shelter Media was entitled to advertising revenues accrued after March 26, 1987, unanimously modified, on the law, to provide further that a constructive trust shall be imposed for the benefit of Shelter Media, and otherwise affirmed.

Order of the same court and Justice, entered April 29, 1991, which, *inter alia,* denied defendants' motion for a declaration that Miller Signs Inc. was entitled to all bus stop shelter advertising revenues accrued prior to March 26, 1987, unanimously affirmed.

We affirm all three orders insofar as they hold that defendants are not entitled to collect post-default advertising revenues, since defendants' rights under the franchise agreement were automatically assigned to the sureties upon the City's declaration of Miller Signs Inc.'s default *(see, Miller Signs Assocs. v City of New York Bd. of Estimate,* 147 AD2d 395). It was the automatic assignment to the sureties which effectively cut off defendants' rights to advertising revenues, and the fact that the franchise agreement still exists does not bear on the issue of defendants' rights to such revenues. Furthermore, defendants have not sustained their burden of proving that they are entitled to compensation for the shelters they constructed.

Since an assignment of defendants' rights under the franchise agreement did not occur until the City declared defendants in default, the court properly declined to hold that the sureties were entitled to pre-default generated advertising revenues.

In its second order, the court properly determined that Shelter Media was entitled to all advertising revenues generated after the declaration of default on March 26, 1987 and

before December 9, 1987. Accordingly, the court should have ordered that a constructive trust be imposed on all such revenues. Concur—Sullivan, J. P., Kassal, Rubin and Smith, JJ.